UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-cv-1283-JES-JEH |
| | ) |
| VILLAGE OF MINIER, ILLINOIS, and | ) |
| MINIER FIRE DEPARTMENT, | ) |
| Defendants. | ) |

## ORDER AND OPINION

This matter is now before the Court on Defendant Minier Fire Department's Motion (Doc. 16) to Dismiss, Plaintiff's Response (Doc. 35) thereto, Defendant Village of Minier's Motion (Doc. 19) to Dismiss, and Plaintiff's Response (Doc. 36) thereto. For the reasons set forth below, Defendants' Motions (Docs. 16, 19) are granted. Plaintiff may file an amended complaint consistent with this Order within 21 days.

### BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint, which the Court accepts as true for the purposes of a motion to dismiss. Doc. 4; *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). In his Amended Complaint, Plaintiff sets forth ten claims. Each claim relates to Plaintiff's purported inability to access certain locations throughout the Village of Minier (hereinafter "the Village" or "Minier") due to Plaintiff's disability and Defendants' alleged violations of the Americans with Disabilities Act as it relates to handicap parking requirements.

In count one, Plaintiff alleges on or about August 3, 2019, Minier opened Westside Park to the public for Minier Corn Daze. Simmons, who uses a mobility device, wanted to use and

enjoy the park and festival activities, but could not because the Westside Park parking lot had no handicap parking or access aisles and no safe access route to the sidewalks or other safe areas marked within the parking lot. Plaintiff alleges Minier violated the ADA and Rehabilitation Act due to the deficient handicap parking, which was not remedied until October of 2019. Plaintiff seeks monetary damages for this claim. Doc. 4 at 1–2. Count two repeats the above allegations for the next day, August 4, 2019. Count three repeats the allegations in count one but names a different park—Olympia West Park. Count four repeats the allegations in count two, but in relation to Olympia West Park. Count five asserts a claim against the United States postal service, but this claim was previously dismissed. *See* September 9, 2020 Text Order.

Count six alleges that in November of 2018, Simmons informed Minier he was handicapped and that Village Hall needed a handicap parking space. By December 15, 2018, a handicap parking space was installed, but Simmons alleges it did not comply with the dictates of the ADA because it had no safe access route to the sidewalk, the parking spot impermissibly required users to walk behind the vehicle rather than in front, the access aisle was obstructed by the raised sidewalk, the grade of the parking spot allowed rain and ice to accumulate, and the parking spot lacked a parking block. Simmons requests the Court order Minier to fix the parking spot and enjoin Minier from further violations of the ADA. *Id*. at 6.

Count seven alleges all on-street parking in Minier runs afoul of the ADA. Some unidentified parking spots are missing signs or the signage is incorrect. All handicap parking spots are missing access aisles and safe access routes to the sidewalk. Two spots require the user to enter an alleyway after exiting to a partial access aisle. One spot at a grade school has a pothole, uneven sidewalk, and cars blocking the width of the sidewalk. Plaintiff informed Miner

of these issues in an email (when, and to whom the email was sent, is not included in the Amended Complaint). *Id*.

In count eight, Simmons alleges Minier's requirement that disabled residents obtain a license prior to operating a golf cart violates the ADA. Simmons appears to agree to dismissal of this claim. *See* Doc. 36 at 1.

In count nine, Simmons claims the Minier Fire Department hosted a pancake and sausage breakfast open to the public on November 30, 2019, but Simmons was not able to attend because the parking lot and street parking lack handicap parking spaces. Simmons requests the Fire Department fix the parking lot and asks for $25,000 in damages.

In count 10, Simmons alleges Minier entered into an agreement with Liberty Baptist Church to provide shelter for those with no basements during tornado warnings. However, the church has no handicap parking space. Plaintiff requests the Court order Minier make a handicap compliant parking space at the storm shelter/church and require Minier to enter into an agreement with Olympia West Grade School. *Id*. at 7–8.

## LEGAL STANDARD

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*. (citing *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)).

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *See Bible*, 799 F.3d at 639. To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### DISCUSSION

**(1) The Fire Department's Motion to Dismiss (Doc. 16)**

In the Fire Department's Motion to Dismiss and Memorandum in Support, it argues Plaintiff's claim in count nine must be dismissed because (a) Plaintiff lacks standing to obtain prospective injunctive relief; (b) Plaintiff did not plead sufficient facts to entitle him to damages because he fails to plead the Fire Department acted intentionally; and (c) Plaintiff fails to identify any statute or state law claim. Doc. 17.

The Fire Department first claims Plaintiff lacks standing to seek prospective injunctive relief because Plaintiff has failed to allege an intent to return to the Fire Department. *Id*. at 3. In order to establish standing for prospective injunctive relief, "a plaintiff must allege 'past injury under the ADA'; show that 'it is reasonable to infer from her complaint that this discriminatory treatment will continue'; and show that 'it is also reasonable to infer, based on the past frequency of her visits and the proximity of [the public accommodation] to her home, that she intends to

4

return to [the public accommodation] in the future.' " *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)). Here, Plaintiff's operative pleading fails to sufficiently allege he intends to return to the Fire Department in the future, but it is possible Plaintiff could amend his complaint to cure these deficiencies.

Next, the Fire Department argues Plaintiff fails to plead facts to entitle him to damages because the Fire Department is a public entity and Plaintiff does not allege the Fire Department's conduct was intentional. Compensatory damages are available under both the ADA and the Rehabilitation Act, but only for intentional conduct. *Reed v. Columbia St. Mary's Hosp.*, 782 F.3d 331, 337 (7th Cir. 2015); *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014). Intentional conduct may be established by showing deliberate indifference. *Lacy v. Cook Cty., Illinois*, 897 F.3d 847, 863 (7th Cir. 2018) ("We now agree with the majority of courts that have spoken on the question and hold that a plaintiff can establish intentional discrimination in a Title II damage action by showing deliberate indifference. Specifically, we adopt the two-part standard applied by most other courts, requiring both (1) knowledge that a harm to a federally protected right is substantially likely, and (2) 'a failure to act upon that likelihood.") (quotations omitted). Here, Plaintiff's Amended Complaint fails to allege the Fire Department's conduct was intentional, but Plaintiff may be able to cure this deficiency by amending his pleading.

Finally, the Fire Department argues Plaintiff has failed to identify any state statute or state law claim. In his Response, Plaintiff asserts his claims are brought under the Illinois Barriers Act, which the Court understands as a reference to the Illinois Environmental Barriers Act, 410 ILCS 25 *et seq*. Doc. 35 at 2. However, it is not clear the IEBA allows for a private right of action. *See* 410 ILCS 25/6 (placing enforcement with the Illinois Attorney General); *Sparks v. City of*

*Peoria, Ill.*, No. 09-1159, 2009 WL 3764032, at *2 (C.D. Ill. Nov. 10, 2009) ("[G]iven the apparent novelty of the question of whether there is an implied right of action to enforce the [Environmental] Barriers Act or the Accessibility Code, supplemental jurisdiction is inappropriate here."). If Plaintiff believes he has a cause of action under Illinois law, he must provide the Defendants and the Court with some indication of what that claim is and the grounds upon which it rests.

Minier Fire Department's Motion to Dismiss is granted. Plaintiff may, within 21 days of this Order, replead count nine to cure the deficiencies identified above if he has a good faith basis for doing so.

**(2) Minier's Motion to Dismiss (Doc. 19)**

Minier's Motion to Dismiss mirrors the arguments raised by the Fire Department: Plaintiff lacks standing to seek prospective injunctive relief because Plaintiff has failed to allege his intent to return, and Plaintiff's claims for monetary damages are insufficient because they fail to allege Minier acted intentionally or with deliberate indifference. Doc. 19. Minier is correct. Counts one through four all suffer from the same deficiency because Plaintiff does not allege Minier acted intentionally or with deliberate indifference. *See Lacy v. Cook Cty., Illinois*, 897 F.3d at 863. Here, Plaintiff's Amended Complaint fails to allege Minier's conduct was intentional, but Plaintiff may be able to cure this deficiency by amending his pleading.

Minier also argues Plaintiff lacks standing to seek prospective injunctive relief because Plaintiff has failed to allege his intent to return. In order to establish standing for prospective injunctive relief, "a plaintiff must allege 'past injury under the ADA'; show that 'it is reasonable to infer from her complaint that this discriminatory treatment will continue'; and show that 'it is also reasonable to infer, based on the past frequency of her visits and the proximity of [the public

6

accommodation] to her home, that she intends to return to [the public accommodation] in the future.'" *Scherr v. Marriott Int'l, Inc.*, 703 F.3d at 1074 (quoting *Camarillo v. Carrols Corp.*, 518 F.3d at 158). Counts four, five, six, seven, eight, and 10 each lack allegations sufficient to meet this standard. Plaintiff's operative pleading thus fails to sufficiently allege he intends to return to the public locations referenced therein in the future, but it is possible Plaintiff could amend his complaint to cure these deficiencies.

Minier also repeats the Fire Department's argument that Plaintiff fails to identify any state law claim. Because the Illinois Environmental Barriers Act does not appear to afford a private right of action and Plaintiff does not identify any other basis for his claims under state law, Minier's position is well taken. If Plaintiff believes he has a cause of action under Illinois law, he must provide the Defendants and the Court with some indication of what that claim is and the grounds upon which it rests.

Minier also argues Plaintiff's claims in counts one through four under the Rehabilitation Act, 29 U.S.C. § 794, must be dismissed because they fail to allege Minier received federal financial assistance. "Four elements must be satisfied to establish a violation of Section 504: (1) the plaintiff must be a handicapped individual as defined by the Act; (2) the plaintiff must be 'otherwise qualified' for participation in the program; (3) the program must receive federal financial assistance; and (4) the plaintiff must have been denied the benefits of the program solely because of his handicap." *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 484 (7th Cir. 2019) (quotations omitted). Because the allegation of federal financial assistance is missing from each of these claims, they must be dismissed.

In light of the above, Plaintiff's Amended Complaint is dismissed. Plaintiff is granted leave to amend his complaint only to the extent it is consistent with this Order. Plaintiff may not

replead count five (against the post office). Count eight (the golf cart claim) is dismissed and Plaintiff may not replead this claim. *See* Doc. 36 at 1. The Court *sua sponte* dismisses count seven because it is unduly vague. Plaintiff may replead this claim with more specific facts regarding which parking spots do not comply with the ADA, why they do not comply, and when Plaintiff attempted to use them. Any amended pleading Plaintiff files must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. Specifically, Plaintiff must list his allegations in consecutively numbered paragraphs and state which Defendant he brings each claim against. *See* Fed. R. Civ. P. 10. Despite Plaintiff's protestations to the contrary, Plaintiff is a competent, seasoned litigator and the Court will not excuse his pleading deficiencies simply because of his status as a pro se litigant. Any requests for extensions of time by any party must include a representation that the movant first sought agreement from the opposing party.

## CONCLUSION

For the reasons set forth above, Defendants' Motions (Docs. 16, 19) to Dismiss are granted. Plaintiff may file an amended complaint consistent with this Order within 21 days.


Signed on this 1st day of November, 2021.

                                        s/ James E. Shadid
                                        James E. Shadid
                                        United States District Judge