# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE No. 20-1283- JES-JEH |
| v. ) | |
| ) | |
| VILLAGE OF MINIER, ILLINOIS, and ) | |
| LITTLE MACKINAW FIRE ) | |
| PROTECTION DISTRICT, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Village of Minier's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 39,) and Plaintiff's Response (Doc. 42). Defendant Little Mackinaw Fire Protection District, has not joined the Motion. For the reasons set forth below, Defendant's Motion (Doc. 39) is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff filed his initial complaint on August 3, 2020 and an amended complaint on August 18, 2020. Defendant Minier and Defendant Little Mackinaw Fire Protection District, not a party to this motion, each filed Motions to Dismiss. On November 1, 2021, the Court issued its order granting the motions to dismiss and giving Plaintiff leave to amend. On November 22, 2021, Plaintiff filed a Second Amended Complaint. The following facts are taking from that complaint which the court accepts being true for the purposes of this Order and Opinion. *Bible v. United Student Aid Funds, Inc*., 799 F.3d 633, 639 (7th Cir. 2015).

Plaintiff has filed a five-count complaint against the Village of Minier. In Count I, Plaintiff asserts a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Plaintiff pleads that a violation occurred on August 3, 2019, when he attempted to

attend Corn Daze, a festival allegedly sponsored by Defendant at Westside Park in Minier. Plaintiff uses an unspecified mobility device and claims that, due to the lack of handicapped accessible parking spaces and aisles, he was unable to park his vehicle so as to attend the event. In Count II, Plaintiff realleges these same claims related to his attempt to attend Corn Daze the following day, August 4, 2019. Plaintiff plead that Defendant remedied the lack of handicapped accessible parking in October 2019.

In Counts III and IV, Plaintiff asserts ADA claims related to his attempts to attend Corn Daze at Olympia West Park on August 3, 2019 and August 4, 2019. Plaintiff similarly alleges that Olympia West Park did not have handicapped spaces and access, resulting in his inability to attend the event. Unlike Westside Park, the ADA violations at Olympia West Park have not been remedied. Plaintiff asserts that if they were, he would return and use the park for exercise and to attend community events.

In Count V, Plaintiff complains of the lack of handicapped parking at the Minier Village Hall. Plaintiff complained of the lack of access on December 4, 2018, and asserts that on or about December 15, 2018, Defendant installed a handicapped parking space. Plaintiff claims, however, that the space is not ADA-compliant as it is not marked handicapped van accessible; lacks a parking block; is not properly graded with the result that water and ice collect; does not provide safe access to the north sidewalk; and there is a raised 4-inch obstruction and lack of a wheelchair ramp on the east sidewalk. Plaintiff claims that these deficiencies have not been remedied and, if they were, he would return to the Village Hall to attend Board meetings.

Plaintiff requests a declaratory judgment, that Defendant is in violation of the ADA; injunctive relief to correct the alleged defects at Olympia West Park and the Village Hall; and "all relief…to make Plaintiff whole" which is construed as a request for money damages.

Here, Defendant has filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), contesting the Court's jurisdiction and Rule 12 (b)(6), asserting that Plaintiff has failed to state a claim for which relief may be given. After filing the Motion to Dismiss, Defendant filed a Motion for Leave to File Supplemental Public Records in support. Defendant asked leave to submit newly received documents to support the Rule 12(b)(1) challenge to Plaintiff's standing for declaratory or injunctive relief, as asserted in the Motion to Dismiss. Defendant offered two letters from the Illinois Attorney General's Disability Rights Bureau ("Bureau") which documented after a site inspection, the Bureau found that access at Westside Park and the Village Hall was adequate. (Doc. 43-1 and 43-2). Defendant asserted that as the Bureau had found there was no continuing violation at Westside Park and the Village Hall, Plaintiff did not have standing to seek equitable relief.

Plaintiff responded with a filing which was construed as Plaintiff's Motion for Leave to File Supplemental Public Records. (Doc. 48). There, he provided portions of the *Illinois Accessibility Code* to substantiate that the Village Hall was required to have a curb ramp for mobility device access; and a photograph of the Village Hall which documented that there was no curb ramp.

The Court issued an Order (Doc. 50), finding that the proffered records would be considered when ruling on the Motion to Dismiss as, although extraneous to the complaint, they went to the jurisdictional issue of standing. *See Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) ("[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."). These documents were considered as noted herein in formulating this Order.

**LEGAL STANDARD**

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Ezekiel*, 66 F.3d at 897. A Rule 12(b)(1) motion "tests the jurisdictional sufficiency of the complaint." *Abashaar v. Beecroft*, No. 17-281, 2018 WL 1532704, at *1 (S.D. Ind. Mar. 29, 2018) (citing *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Abashaar*, 2018 WL 1532704, at *1.

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court is to accept all well-pleaded allegations in a complaint as true, and to draw all permissible inferences in plaintiff's favor. *See Bible*, 799 F.3d at 639. To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**DISCUSSION**

**Minier's Motion to Dismiss Counts I – IV, Generally**

Defendant asserts that Plaintiff fails to state an ADA claim in Counts 1 – IV as he has not pled that Minier sponsored Corn Daze so as to render the event a service, program, or activity of the Village of Minier. To establish a prima facie case for violation of Title II of the ADA, the

Plaintiff must show: (1) "that he is a 'qualified individual with a disability' "; (2) "that he was denied the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity"; and (3) "that the denial or discrimination was 'by reason of' his disability." *Lacy v. Cook*, 897 F.3d 847, 853 (7th Cir. 2018). Here, Defendant admits that Minier is a public entity for purposes of Title II of the ADA and does not dispute that Plaintiff is disabled. Defendant asserts, however, that the complaint must be dismissed as Plaintiff has not pled that Corn Daze was a program or service of Defendant Minier.

While Title II of the ADA covers public services, programs and activities, Defendant has not cited caselaw to support that Plaintiff must specifically plead the phrase "services, programs and activities." Here, Plaintiff has pled that he was denied access to an activity which Minier had opened to the public at its Westside and Olympia West Parks. *See H.O.P.E., Inc. v. Eden Mgmt. LLC*, No. 13-7391, 2017 WL 4339824, at *12 (N.D. Ill. Sept. 29, 2017) (for purposes of a motion to dismiss an ADA claim, the court need not determine whether Plaintiff has established all the elements of a prima facie case, as in the case of summary judgment) (citing *Revolinski v. Nat'l R.R. Passenger Corp.*, No. 08-C-1098, 2010 WL 2606316, at *5 (E.D. Wis. Apr. 16, 2010). Plaintiff's claim that Minier did not provide ADA-compliant aisles and parking is sufficient to state a colorable ADA as to Counts I-IV, at least at the pleadings stage.

**Minier's Motion to Dismiss Counts I – II**

While Plaintiff has stated an ADA claim in Counts I and II, he is not entitled to compensatory damages to make him "whole." As he was previously advised, he may only recover money damages under the ADA in the case of intentional discrimination. *See Hildreth v. Butler*, 960 F.3d 420, 431 (7th Cir. 2020), *cert. denied,* 141 S. Ct. 1527 (2021) (affirming summary judgment dismissal where plaintiff sought compensatory damages under the ADA

5

without demonstrating that defendants had been deliberately indifferent). Deliberate indifference requires that Defendant "*knew* that harm to a federally protected right was substantially likely and ... *failed* to act on that likelihood." *Lacy*, 897 F.3d at 862 (emphasis in original) (quoting *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 344 (7th Cir. 2012)). Despite prior instruction by the Court, Plaintiff has failed in this second attempt to adequately plead a claim for money damages under the ADA.

Plaintiff also requests declaratory relief as to Counts I and II which, due to the remediation at Westside Park, is not available to him. Under the Declaratory Judgment Act, a court may "declare the rights and other legal relations of any interested party," provided there is an "actual controversy" at issue. *Marquez v. Riveredge Hosp., Inc.*, No. 21-3369, 2022 WL 832650, at *5 (N.D. Ill. Mar. 21, 2022) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126, 127 S. Ct. 764, 770 (2007)). "Declaratory judgments are limited to disputes that are 'definite and concrete' and 'real and substantial'—not for setting forth the law based on 'a hypothetical state of facts.'" *Id.* at *5 (declining to extend declaratory relief for discriminatory acts which have already occurred, or which might hypothetically occur in the future).

Here, Plaintiff admits that Defendant has remediated the alleged ADA violations at Westside Park. In addition, Defendant has provided a letter from the Illinois Attorney General's Disability Rights Bureau ("Bureau"), noting that after a site inspection Westside Park was noted to comply with State and Federal accessibility requirements. (Doc. 43-1). As a result, there is no longer an "actual controversy" concerning Westside Park which would warrant declaratory relief. Plaintiff's Count I and II claims for compensatory damages and declaratory relief are dismissed. As Plaintiff does not request injunctive relief here, Counts I and II are DISMISSED in their entirety, with prejudice.

### Minier's Motion to Dismiss Counts III and IV

As previously noted, the Court has determined that Plaintiff has not successfully pled a Count I and II request for money damages under the ADA. The Court makes the same findings as to Counts III and IV where Plaintiff has failed to allege facts to support that Defendant acted with deliberate indifference as to the conditions alleged at Olympia West Park.

The Court now considers Plaintiff's Count III and IV request for injunctive and declaratory relief where Defendant asserts that Plaintiff does not have standing for the requested relief. To have standing for injunctive relief Plaintiff must, as in the case for declaratory relief, identify an actual case and controversy. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff must allege an injury in fact that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Access Living of Metro. Chicago v. Uber Techs., Inc.*, 351 F. Supp. 3d 1141, 1149 (N.D. Ill. 2018), *aff'd,* 958 F.3d 604 (7th Cir. 2020) (internal citation omitted). Plaintiff must allege a "real and immediate" threat of future ADA violations as "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effect." *Id*. at 1149 (quoting *Lujan*, 504 U.S. at 564).

It is Defendant's position that Plaintiff's claim that he wishes to return to Olympia West Park is non-specific and too vague to plead a likelihood that he is subject to future ADA violations there. Plaintiff has pled, however, that he made two attempts to attend Corn Daze at Olympia West Park and wishes to return to the Park which is located in his community. *See Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) ("It must be reasonable to infer that based on the past frequency of her visits and the proximity of the public accommodation to her home, that she intends to return to the public accommodation in the future.").

Here, Defendant offers nothing to support that the lack of access at Olympia West Park has been remedied. For his part, Plaintiff has that he would return to the Park in the future for community events but would be hampered by lack of access. This is enough to establish standing for the injunctive relief requested in Counts III and IV.

Plaintiff also requests declaratory relief as to Counts III and IV. Here, too, the Court finds that Plaintiff has identified allegedly discriminatory conditions at Olympia West Park and has pled that he will suffer injury in the future due to these conditions. As his claim is not limited to past injury as were alleged in Counts I and II, Plaintiff has pled enough to establish standing for purposes of declaratory relief. Defendant's motion to dismiss is GRANTED to the extent that the Counts III and IV claims for ADA compensatory damages is dismissed. It is otherwise DENIED.

**Minier's Motion to Dismiss Count V**

Defendant also alleges that Plaintiff has not pled a claim for ADA compensatory damages in Count V as he has not pled that Minier acted with intentionality or deliberate indifference; that Minier knew of the likelihood that Plaintiff would experience a lack of access due to the purported lack of handicapped parking spaces, and accessible aisles, but failed to act. Plaintiff has asserted, however, that on November 9, 2018, he provided notice to Minier that he needed handicapped parking access at the Village Hall. On December 4, 2018, he reiterated this request, indicating that this was so he could attend the December 15, 2018 Village Board Meeting. (Doc. 38 at 4). The record is clear that Defendant did act, Plaintiff admits that on December 15, 2018, Defendant installed a handicapped parking space.

Plaintiff makes the subsequent claim, however, that the parking space it is not ADA compliant for the reasons recited, *supra*. Defendant counters that Plaintiff pled that he initially informed Defendant of the lack of access, but not that he followed-up, giving notice that the later

installed handicapped parking space was inadequate. Without such notice, Defendant could not have been deliberately indifferent for failing to remedy conditions of which it was not aware. The Court agrees that without pleading such subsequent notice, Plaintiff has failed to sufficiently establish the intentionality or deliberate indifference necessary for compensatory damages to apply. Here, Plaintiff has had two opportunities to sufficiently plead such a claim, along with instruction by the Court, and has failed to do so. The Count V claim for ADA money damages is DISMISSED with prejudice.

The Court now considers Plaintiff's request for Count V injunctive and declaratory relief. Defendant asserts that Plaintiff does not have standing where he has failed to sufficiently plead that he wishes to return to the Village Hall. As is the case with Olympia West Park, however, Plaintiff lives in the community and has pled that he wishes to attend Village Board meetings held there. In addition, on two occasions he specifically asked Defendant to provide accessible parking at the Village Hall. This is sufficient to confer standing where in making this determination, the Court is to consider Plaintiff's past frequency of visits to the Village Hall, its proximity to his home, and his intent to return in the future. *See Scherr*, 703 F.3d 1074.

This does not completely clear the standing hurdle, however, as the Court must consider the supplemental evidence which supports that the Village Hall parking is ADA complaint. *See* (Doc. 43-2), the findings by the Illinois Attorney General's Disability Rights Bureau that the Village was "in substantial compliance with state and federal accessibility laws and standards." As previously indicated, Plaintiff would not have standing for injunctive or declaratory relief if he is not at future risk of lack of access there.

Plaintiff has responded by providing several pages from a pamphlet titled *Illinois Accessibility Code* to establish that the Village Hall was required to have a curb ramp for

wheelchair or mobility device access. Plaintiff has also provided photographs which show that there is no curb ramp in front of the Village Hall. (Doc. 48). This appears sufficient to support the alleged lack of curb access, at least at the pleadings stage; and to substantiate that Plaintiff will be met with this barrier if he returns for future board meetings as he allegedly wishes to do. Plaintiff's injunctive and declaratory relief claims regarding lack of access at the Village Hall will proceed. Defendant's Motion to Dismiss Count V is GRANTED as to Plaintiff's claims for ADA compensatory damages but otherwise DENIED.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss the Second Amended Complaint (Doc.39), is GRANTED to the extent that Counts I and II are DISMISSED with prejudice. It is also GRANTED with prejudice as to the requests for ADA compensatory in Counts I-V. Defendant's Motion to Dismiss is otherwise DENIED as to Counts III, IV and V.

Signed on this 2nd day of August, 2022.

s/James E. Shadid
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE